**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1943
_____

UNITED STATES OF AMERICA

v.

HAKI WHALEY,
a/k/a
HAK,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(No. 2-11-cr-00653-001)
District Judge:  Honorable Berle M. Schiller

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 10, 2014

Before:  CHAGARES, SHWARTZ, and ALDISERT, Circuit Judges.

(Filed: February 24, 2014)
_____

OPINION
_____

CHAGARES, Circuit Judge.

Haki Whaley challenges his conviction for conspiracy to distribute crack cocaine in violation of 21 U.S.C. § 846.  He argues that at his trial there was either a constructive amendment of the indictment or a variance between the indictment and the proofs

presented. For the reasons that follow, we will affirm the District Court's judgment of conviction.

## I.

We write exclusively for the parties and therefore set forth only those facts that are necessary to our disposition. On October 31, 2012, a grand jury returned an eight-count superseding indictment against Whaley, Edward Powell, and Shawn Wilson, charging them with: conspiracy to distribute crack cocaine in violation of 21 U.S.C. § 846 (Count 1); and distribution of crack cocaine in violation of §§ 841(a)(1), (b)(1)(A) (Counts 2-8).[1] The indictment alleged that Whaley, Powell, and Wilson – together with Michael Green, Braheem Green, and Endrei McFadden – conspired to distribute large quantities of crack cocaine "[f]rom at least March 2006, until at least July 13, 2009." Appendix ("App.") 51.

According to the indictment, Whaley and his co-defendants were members of an organization, run by Michael Green, that distributed crack cocaine from various locations in Philadelphia and Montgomery County, Pennsylvania. Members of the organization allegedly took turns carrying the organization's cell phone and filling orders of crack cocaine for customers who called the phone. The indictment alleged that Whaley played multiple roles in the organization, including distributing crack cocaine to customers, helping to supervise other members, and helping to oversee a "stash house," where the organization packaged and stored drugs and proceeds from sales. App. 52-53.

---

[1] On November 2, 2011, a grand jury in the Eastern District of Pennsylvania returned a seventeen-count indictment against Whaley, Braheem Green, Endrei McFadden, Powell, and Wilson, charging them with conspiracy to distribute and distribution of crack cocaine. Braheem Green and McFadden entered into plea agreements before the grand jury returned the superseding indictment.

On December 6, 2012, the District Court began a jury trial of Whaley and Wilson.[2] At trial, the Government presented testimony from a former customer of the organization, Thomas Tucci, Jr., who identified Whaley and testified that he had purchased crack cocaine from Whaley and his co-conspirators "[h]undreds of times," starting in "2006, 2007 – something like that" until his arrest in 2009. App. 698. Two of Whaley's alleged co-conspirators also described the organization and Whaley's ongoing role in it. Braheem Green testified that, while incarcerated from the summer of 2007 until April 2008, he would call Whaley "to see what's going on, and [Whaley] would tell me he was running around," which Green interpreted to mean that Whaley was "[w]orking the crack phone." App. 617. McFadden testified that Whaley was "the next most senior" to Michael Green in the organization. App. 519.

The Government rested its case-in-chief on December 7, after which both Whaley and Wilson moved orally for judgment of acquittal on the conspiracy count. The District Court denied their motions. Thereafter, the jury returned guilty verdicts against Whaley on all counts, including the conspiracy charge. The jury answered interrogatories stating that it unanimously found Whaley guilty of conspiracy to distribute crack cocaine "from at least March 2006, until July 13, 2009." App. 141-42.[3]

On December 20, 2012, Whaley pleaded guilty to three charges contained in a separate federal indictment. The two cases pending against Whaley were consolidated for sentencing purposes. On March 27, 2013, the District Court imposed upon Whaley a

---

[2] Powell entered into a plea agreement with the Government.
[3] The jury convicted Wilson of all counts except for one count of distribution of crack cocaine (Count 5).

3

sentence of 262 months of imprisonment and five years of supervised release. Whaley timely appealed from the District Court's judgment. On appeal, Whaley limits his arguments to the conspiracy conviction.

## II.

The District Court had jurisdiction under 18 U.S.C. § 3231, and we have appellate jurisdiction pursuant to 28 U.S.C. § 1291. "We exercise plenary review in determining whether there was a constructive amendment of the indictment and whether there was a variance between the indictment and the proofs at trial." United States v. Daraio, 445 F.3d 253, 259 (3d Cir. 2006). However, inasmuch as Whaley did not raise these arguments in the District Court, we will "consider them on a plain error basis with respect to granting relief if there was an error on either basis." Id; see also United States v. Syme, 276 F.3d 131, 148 (3d Cir. 2002). We will grant relief only if we conclude that: (1) there was an error; (2) the error was clear or obvious; and (3) the error affected the appellant's substantial rights. Puckett v. United States, 556 U.S. 129, 135 (2009); see also United States v. Stinson, 734 F.3d 180, 184 (3d Cir. 2013). If those three prongs are satisfied, we have "the discretion to remedy the error – discretion which ought to be exercised only if the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Puckett, 556 U.S. at 135 (emphasis and quotation marks omitted).

## III.

Whaley argues, first, that the Government constructively amended the superseding indictment through the evidence presented at his trial, in violation of his Fifth Amendment rights. In the alternative, he argues that there was a prejudicial variance in

4

the evidence presented at his trial from the terms of the superseding indictment. We will address each argument in turn.

## A.

"An indictment is constructively amended when evidence, arguments, or the district court's jury instructions effectively 'amend[s] the indictment by broadening the possible bases for conviction from that which appeared in the indictment.'" United States v. McKee, 506 F.3d 225, 229 (3d Cir. 2007) (quoting United States v. Lee, 359 F.3d 194, 208 (3d Cir. 2004)). A constructive amendment constitutes a per se violation of a defendant's Fifth Amendment right to a grand jury, because it "deprives the defendant of his/her substantial right to be tried only on charges presented in an indictment returned by a grand jury." Id. (quotation marks omitted).

While the superseding indictment returned by the grand jury charged him with participating in a conspiracy "from at least March 2006, until July 13, 2009," Whaley argues, "[t]he government proved [at trial] at best two conspiracies of considerably shorter duration." Whaley Br. 17. He asserts, specifically, that "the government only presented evidence of a conspiracy that existed until March of 2006 . . . and a later conspiracy operated . . . from late 2008 until July 13, 2009," but "[t]here is no demonstrative evidence to support the allegation that the conspiracy continued until late summer/early fall of 2008." Id. at 16. Thus, in finding Whaley guilty for participating in a conspiracy from at least March 2006 until July 13, 2009, "the jury may have convicted Mr. Whaley for an offense substantially different from the offense in the superseding indictment returned by the grand jury." Id. at 17.

5

We disagree. The Government offered evidence – including testimony from Whaley's former customer and his alleged co-conspirators – from which the jury could have concluded that Whaley participated in one ongoing conspiracy lasting from 2006 until 2009. The evidence presented at trial did not "broaden[] the possible bases for conviction from that which appeared in the" superseding indictment. McKee, 506 F.3d at 229. Indeed, the Government intended to prove exactly that Whaley committed the crimes with which he was charged, and, based on this evidence, the jury found Whaley guilty for the crimes listed in the superseding indictment. There was no constructive amendment at Whaley's trial, and thus, there was no plain error.

B.

A variance occurs when the terms of the indictment "are unchanged, but the evidence at trial proves facts materially different from those alleged in the indictment." United States v. Daraio, 445 F.3d 253, 261 (3d Cir. 2006).[4] "Unlike a constructive amendment, a variance can result in a reversible error only if it is likely to have surprised or otherwise has prejudiced the defense." Id. at 262. A variance does not prejudice a defendant's substantial rights if: (1) the indictment sufficiently informs the defendant of the charges against him so that he may prepare his defense and not be surprised at trial; or (2) the variance is not such that it will present a danger that the defendant may be prosecuted a second time for the same offense. Id.

---

[4] Whereas a constructive amendment implicates the Fifth Amendment grand jury right, "the concerns raised by a variance argument are the fairness of the trial and the protection of the defendant's right to notice of the charges against her and her opportunity to be heard." Daraio, 445 F.3d at 261. Accordingly, we have recognized that the variance rule "is more of a due process rule." Id. (quotation marks omitted).

6

Whaley asserts that, based on the evidence offered at trial, "there is a substantial danger that [he] was convicted of the one greater conspiracy, as charged in the indictment, based upon the conduct of others." Whaley Br. 19. He argues, again, that "the evidence identifies at best two separate conspiracies," id., and that any evidence of a conspiracy for the period between March 2006 and the fall of 2008 "pertain[ed] solely to his co-defendant Shawn Wilson," id. at 18.

Although we have recognized that in certain cases "[t]here is a variance if the indictment charges a single conspiracy while the evidence presented at trial proves only the existence of multiple conspiracies," United States v. Kemp, 500 F.3d 257, 287 (3d Cir. 2007), in Whaley's case there was sufficient evidence, as described supra, from which the jury could have concluded that the Government proved the single conspiracy alleged in the superseding indictment. The superseding indictment put Whaley on notice of the charges he faced at trial, and there is no danger that he will be prosecuted again for the same offense. No variance occurred in Whaley's case. Accordingly, there was no plain error by the District Court.

IV.

For the foregoing reasons, we will affirm the District Court's judgment of conviction.